[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 9, 1977 at Stratford, Connecticut. They have resided continuously in this state since that time. There is one minor child issue of the marriage: Christian Ritter, born July 20, 1979.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84 C.G.S. in reaching the decisions reflected in the orders that follow.
The plaintiff is 47 years of age. She obtained her masters in social work in 1986 at Southern Connecticut University. She has been employed by the Shelton School system for the past seven years. The plaintiff's health is very poor. She has multiple sclerosis which is progressive, as well as glaucoma. The plaintiff takes substantial medication for her various problems. CT Page 9503
The defendant is aged 52. He has been subjected to heart attacks in the past five years. The defendant is a carpenter by trade. He has been a construction supervisor in several large projects. He is presently self employed.
The defendant adopted the plaintiff's two minor children from her former marriage.
The plaintiff owned the marital home prior to her marriage to the defendant. In 1987, the parties refinanced the existing mortgage of $21,154 and obtained a new mortgage of $100,000. The parties paid off joint credit cards, the defendant's business bills, outstanding debts and purchased a truck and a 1982 Datsun motor vehicle. The sum of $45,000 was place in three CDs for the three children.
The defendant's income has steadily decreased since 1990. During his periods of unemployment, the defendant received unemployment benefits.
The plaintiff received an inheritance from her mother's estate in the amount of $36,600. The parties lived on this money and paid medical expenses and miscellaneous bills.
The plaintiff's father has made mortgage payments on the home of over $28,000 in the past five to six years. He has provided over $175,000 in financial support to the Ritter family including college education for the two older boys.
The plaintiff left the marital home in January 1995. The mortgage was current at that time. The parties were at odds as to whether the mortgage is current at this time. No evidence was presented from the bank. The defendant had no proof of mortgage payments. The plaintiff's child support payments have been made directly to the bank to be applied toward the mortgage. The homeowner's insurance is unpaid, causing the bank to take out insurance at a very high premium.
Although there was a court order to list the property for sale, the defendant has been less then cooperative in selling the marital home. The real estate agent testified it was the filthiest and most disorganized home he had seen in 30 years!
The defendant contributed his labor to the home. He resided the home, put on a new roof, skylights and put in the additions CT Page 9504 which took him 12 years to complete.
The defendant received a $3,000 Workmen's Compensation settlement in January 1995. The defendant made one mortgage payment and used the rest of the money to live on for himself and his son.
The defendant desires to live in the home until the minor child completes high school. Christian is aged 16 years. He missed substantial time from school from January to June 1995. He received all Fs and is presently attending summer school. The plaintiff has no control over the minor son, nor can she communicate with the defendant concerning their son. The plaintiff desires that the defendant have sole custody of the minor child. The plaintiff testified that her son may be involved with drugs.
The plaintiff claims the marriage broke down due to the inconsistency in the defendant's working habits and his female friend. Unfortunately, the parties were unable to reconcile their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship. Both parties must shoulder the fault.
The following orders shall enter, arrived at after a careful consideration of all the statutory criteria.
Real Estate
1. As ordered by this court at the conclusion of this trial on August 3, 1995, the defendant is ordered to vacate the marital home by September 5, 1995. The real estate agent is to inspect the premises on September 4, 1995. The defendant is ordered to remove all junk and debris from the home. The defendant shall leave the home in broom-clean condition.
2. The court finds that the property has not been kept up and maintained by the defendant. To allow the defendant to continue to reside in the marital home with his son for any appreciable time would seriously compromise the sale value of this property.
3. The marital home located at 34 Quaker Place, Milford, Connecticut shall be listed with a real estate agent and shall be sold without delay. CT Page 9505
4. The defendant shall be responsible for the mortgage and all utilities and insurance until he vacates the premises. The defendant shall be responsible for any waste or damage he causes to the property until he vacates the premises.
5. The court shall retain jurisdiction over any dispute regarding mortgage, arrears, waste, damages or clean up costs.
Custody
1. Custody of the minor child is awarded to the defendant with rights of reasonable, flexible and liberal visitation to the plaintiff.
2. The plaintiff shall have access to all school and medical records of the minor child and the plaintiff shall be advised of all major decisions relating to the health, education and welfare of the minor child.
3. The plaintiff shall have access to school activities, notice of Parent-Teacher meetings and school report cards.
4. The defendant shall sign appropriate authorizations for the plaintiff to have access to the minor child's school, medical and miscellaneous records.
Child Support
The plaintiff shall pay to the defendant as child support the sum of $125 per week until the minor child reaches the age of 18 years, becomes emancipated or dies, or reaches the age of 19 years or completes the twelfth grade in accordance with Public Act 94-61, whichever event shall first occur.
Property Settlement
The court has considered that the plaintiff owned the marital home prior to her marriage to the defendant; further, the defendant had periods of unemployment throughout the marriage; the plaintiff used her inheritance of $36,600 to maintain the home and her family; in addition, the plaintiff's father contributed $28,000 in mortgage payments alone to financially assist this family. There are also two loans of $22,000 now barred by the statute of limitations that were never repaid to the plaintiff's father. CT Page 9506
The court is not unmindful of the labor the defendant put into this home as recited above. The defendant will also be setting up a home for himself and the minor child and appears to have no liquid assets.
Upon the sale of the marital home at 34 Quaker Place, Milford, from the net proceeds the defendant shall receive the sum of $7500. The remaining proceeds shall be the sole property of the plaintiff and the defendant shall have no claim thereto.
Alimony
The plaintiff is awarded alimony of one dollar per year until her death, the death of the defendant, the plaintiff's remarriage or cohabitation as defined by statute.
Personal Property
1. The plaintiff is awarded the 1982 Jaguar.
2. The five Mother's Day plates by Norman Rockwell shall be the sole property of the plaintiff. The defendant shall be entitled to the remaining Norman Rockwell plates.
3. The dorm size refrigerator is awarded to the plaintiff as well as the lithograph prints.
4. The defendant is awarded the cigar store Indian valued at $20,000 to $27,000.
5. Each party shall retain the remaining personal property presently in their possession.
Debts
1. Each party shall be responsible for one-half of the medical bill owed to Comprehensive Psychiatric Services in the amount of $438.12.
2. The defendant shall be solely responsible for the indebtedness owed to the IRS in the amount of $695, plus penalty, interest and lien fees and shall hold the plaintiff harmless.
3. The defendant shall be responsible for the payment of the motor vehicle taxes, if any, owed on the 1982 Datsun. CT Page 9507
Medical Coverage
1. The plaintiff shall provide primary medical and/or Blue Cross/Blue Shield as is available through her employment for the benefit of the minor child. The defendant shall provide secondary coverage.
2. Any unreimbursed or uninsured medical expense shall be equally divided between the parties.
3. The defendant shall be entitled to any COBRA coverage as available through the plaintiff's employment for a period of two years, at his expense.
Miscellaneous
1. The parties shall equally divide the cash value of any life insurance policies in their names held by either party.
2. The plaintiff shall be entitled to her pension and the defendant shall have no claim thereto.
Tax Exemption
The plaintiff shall be entitled to claim the minor child as a dependent for income tax purposes in the odd years and the defendant shall be entitled to claim the minor child in the even numbered years.
Counsel Fees
Each party shall be responsible for their respective counsel fees.
Coppeto, J.